UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


BARRY GALLAGHER,

        Petitioner,

v.                                      Case No:  6:15-cv-1054-Orl-18TBS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE OF
FLORIDA,

        Respondents.
_____/

## ORDER

        This cause is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2254.  Upon consideration of the Petition and in accordance with the *Rules Governing Section 2254 Cases in the United States District Courts*, it is **ORDERED** as follows:

        1.      Respondents shall file, within **SIXTY (60) DAYS** from the date of this Order, a response, entitled "Response to Petition," indicating why the relief sought in the Petition should not be granted.

        2.      As part of the Response to Petition required by paragraph 1 of this Order, Respondents shall also:

        **a.**      **State whether either the United States District Court Judge or the United States Magistrate Judge assigned to this case was involved in any of Petitioner's state court proceedings.  Respondents have an ongoing duty to inform the Court of such involvement if the case is hereafter reassigned to another judicial officer.**

b.      Summarize the results of any direct appellate and/or post-conviction relief sought by Petitioner to include citation references and copies of all published opinions.  Provide copies of appellant and appellee briefs from every appellate and/or post-conviction proceeding.

c.      State whether an evidentiary hearing was accorded in the pre-trial, trial, and/or post-conviction stages and whether transcripts are available from those proceedings.

d.      Procure transcripts and/or narrative summaries in accordance with Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* and file them concurrently with the initial pleading, but not later than thirty (30) days after the filing of the initial pleading.

e.      State whether Petitioner has exhausted available state remedies under the statutes or procedural rules of the state.  If Petitioner has not exhausted available state court remedies, provide an analysis of those remedies or indicate whether Respondents waive the exhaustion requirement. *Thompson v. Wainwright*, 714 F.2d 1495 (11th Cir. 1983).

f.      As to any ineffective assistance of counsel claims that are alleged to be procedurally defaulted because they were not raised during Petitioner's initial-review collateral proceedings, Respondents shall include a discussion of (1) whether there has been a showing of cause to excuse the procedural default under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and (2) the merits of the claim as an alternate basis for disposition.

g.      Provide a detailed explanation of whether this case was filed within the one-year limitation period set forth in 28 U.S.C. § 2244(d).

3.      Respondents shall file an index of the Appendix that specifically references the CM/ECF electronic docket entry number and page numbers where each Exhibit begins and ends in the record.

4.      Henceforth, Petitioner shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to Respondents.

5.      Petitioner shall advise the Court of any change of address.  The failure to do so will result in the case being dismissed for failure to prosecute.

2

6.      The Clerk is directed to send a copy of this Order, the Petition, and any

supporting documentation to Respondents.

DONE and ORDERED in Orlando, Florida on December 16, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Office of the Attorney General
444 Seabreeze Boulevard, 5th Floor
Daytona Beach, Florida 32118

Unrepresented Party
OrlP-2 12/16